UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| KWAME GORDON, | ) | Case No.: 2:10-cv-00621-RLH-LRL |
| | ) | |
| Plaintiff, | ) | **O R D E R** |
| | ) | |
| vs. | ) | (Motion to Dismiss–#4) |
| | ) | |
| FIRST OPTION MORTGAGE, DEL WEBB HOME FINANCE, DEUTSCHE BANK NATIONAL TRUST COMPANY, FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, INDYMAC BANK FSB, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Deutsche Bank National Trust Company's ("Deutsche Bank") **Motion to Dismiss** (#4), filed June 8, 2010. Plaintiff Kwame Gordon failed to respond.

**BACKGROUND**

This case involves Kwame Gordon's disputed mortgage loan. Gordon alleges various types of misconduct against the various Defendants in their efforts to foreclose on his property. Gordon does not dispute that he took out a mortgage and subsequently failed to make payments.

1

AO 72
(Rev. 8/82)

Deutsche Bank has now filed a motion to dismiss. Further, on September 24, 2010, the Court entered a Notice of Intent to Dismiss Pursuant to Fed. R. Civ. P. 4(m) (#10) due to Gordon's failure to provide the Court with proof of service on Defendants First Option Mortgage, Del Webb Home Finance, First American Loanstar Trustee Services, or Indymac Bank FSB. For the reasons discussed below, the Court grants Deutsche Bank's motion and dismisses this case in its entirety pursuant to Rule 4(m).

## DISCUSSION

### I.     Motion to Dismiss

If one party files a motion to dismiss pursuant to Rule 12(b)(6), the party against whom that motion is filed must file points and authorities in opposition to that motion within fifteen (15) days after the service of the motion. Local Rule 7-2(b). The failure of a party to file points and authorities in opposition to any motion constitutes consent to the Court's grant of the motion. Local Rule 7-2(d). Gordon did not file an opposition to Deutsche Bank's motion as required by the local rules. Therefore, the Court grants Deutsche Bank's motion. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (holding that failure to follow the district court's local rules is proper ground for dismissal).

### II.    Unserved Defendants

Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Gordon filed his complaint on April 29, 2010. Gordon failed to serve the above named Defendants, except Deutsche Bank, within 120 days of filing on or about August 29, 2010. The Court advised Gordon of its intent to dismiss his claims against these defendants for his failure to provide proof of service. Gordon has not shown proof of service despite the Court's warning. Therefore, the Court dismisses his claim against these plaintiffs.

/

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Deutsche Bank's Motion to Dismiss (#4) is GRANTED.

IT IS FURTHER ORDERED that the remaining defendants are dismissed pursuant to Rule 4(m).

The Clerk of the Court is directed to close this case.

Dated: October 25, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**